### JOHN W. VAN HASSELL *v.* ISAAC P. BORDEN.

A mortgagee, holding a chattel mortgage, which provides that the mortgaged property shall remain in the custody of the mortgagor until default is made in the payment of the mortgage, cannot take possession of the property before such default, without showing some disposition of the property, by the mortgagor, calculated to destroy the security afforded him by the mortgage.

The owner of personal property, not in his possession, may transfer his right thereto to another, who may, on demanding possession of it, recover its value in an action, if the demand is not complied with. But such a demand is essential to give a right of action.

*It seems*, that a certified copy of a chattel mortgage is admissible in evidence with like effect as the original, where the original is upon file.

APPEAL by defendant from a judgment of the Second District Court. This was an action to recover damages for the unlawful

detention of personal property. The plaintiff, in January, 1855, sold the property in question, which consisted of the stock and fixtures of a store, in the basement of the building corner of Pearl and Fulton streets, to Hans Martens, and to secure a part of the purchase money took back from him and his partner, Edward Hanschedt, a chattel mortgage on the property. This was made conditional on the payment of one hundred dollars in seven months from its date, and provided that, until default, the property should remain in the custody of the mortgagor. It was dated 18th January, 1855. The defendant was the landlord of the premises occupied by Martens & Hanschedt. They became indebted to him for rent, and, in May, Hanschedt gave to Borden & Degroot, of which firm the defendant was a member, the following paper:

" This is to certify, that I have sold all my right and interest of stock and fixtures contained in the basement story of building situate on the corner of Pearl and Fulton streets, known as No. 267 Pearl street, unto Borden & Degroot, for the sum of seventy-five dollars.

" Witness my hand and seal this fifth day of May, one thousand eight hundred and fifty-five.

(Signed)        ED. HANSCHEDT."

Under this, the landlord took possession of the property about the time of its date, and refused, upon a demand then made, to deliver it to the plaintiff, who claimed to take possession under the chattel mortgage. On the 28th of June, 1855, Martens & Hanschedt joined in a bill of sale to the plaintiff of the property, and he thereupon, without making any further demand of the defendant, brought this suit to recover damages for its detention. The only proof of the mortgage to the plaintiff offered on the trial was a certified copy from the Register's office, which the justice admitted " as evidence merely and with the effect prescribed by statute." To the admission of this evidence the defendant's counsel excepted. Judgment having been rendered for the plaintiff, the defendant appealed.

*H. William Channing*, for the appellant.

Submitted without argument by the respondent.

INGRAHAM, FIRST JUDGE.—The return shows, by the testimony of Martens, that he and Hanschedt both executed the mortgage. The copy was properly received in evidence, being certified by the Register. The justice says, he only received it as evidence of the matters allowed by law, although he might have received it as evidence in the cause generally.

The mortgage was not due when the demand was made of the property. There had been no default according to its terms, and the mortgagors were entitled to the possession of the goods, and not the mortgagee. The plaintiff then (to wit, in May) had no right of possession by which he could claim the goods, whether in possession of the mortgagors or of the defendant.

The bill of sale, executed in June subsequently, possibly gave to the plaintiff the title to the goods, and, if so, would be sufficient to sustain the judgment, if there had been any evidence of a demand from the defendant after the bill of sale had been executed. I can find no such evidence in the case. Where a third person has obtained possession of personal property, the owner may afterwards transfer his right to another, who, on demanding the same, may recover the value, if such demand is not complied with. But he must make such a demand to give him a right of action. *Hall* v. *Robinson*, 2 Com. R. 293; *Cap* v. *New Haven R. R. Co.*, 1 E. D. Smith's R. 522.

It is apparent, from the evidence in this case, that if the property had been demanded by the plaintiff, after the mortgage had become due, the judgment might have been sustained; but without such demand, where it appears no actual conversion had taken place, I am at a loss to see any grounds on which the reversal can be prevented.

Judgment reversed.